UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT ANDREW FABER,

        Plaintiff,

v.

ELIZABETH CAREY, et al.,

        Defendants.

_____/

Case No. 1:17-cv-784

Honorable Gordon J. Quist

# **OPINION**

This is an action brought by a federal prisoner. He is proceeding *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous.

## **Discussion**

### I. **Factual allegations**

Plaintiff, Robert Andrew Faber, is presently incarcerated at Federal Correctional Institution Miami. On March 8, 2017, Plaintiff entered a plea of guilty to three supervised release

violations. (No. 2:05-cr-53 (W.D. Mich.), J., ECF No. 96.) He is serving a sentence of 12 months' incarceration, to be followed by a 24 month term of supervised release. (*Id*.) Among the special conditions of supervision for Plaintiff's supervised release is a requirement that he have no contact or association with a former roommate. (*Id*., PageID.267.) It is that special condition that lies at the heart of Plaintiff's action against Defendants Elizabeth Carey and Amanda Terburg.

Plaintiff's initial supervised release was conditioned upon him staying at a residential reentry center, in this instance the Kalamazoo Probation Enhancement Program (KPEP) in Kalamazoo, Michigan. Plaintiff's initial supervised release was also conditioned on him participating in mental health treatment and sex offender treatment. Plaintiff participated in the KPEP treatment programs while he resided there. He continued with the KPEP treatment programs after he obtained employment and moved into independent housing.

KPEP is a private non-profit Michigan corporation. KPEP describes its mission as follows:

> KPEP began in the fall of 1980 to provide a live-in residence for those individuals who need more structure than regular probation provides, but where extended jail time is not judged necessary. The goal of KPEP is to show the residents that they can become independent, contributing members of society. The organization works closely with all aspects of the criminal justice system, including local law enforcement departments, corrections and probation departments, and various circuit court judges.
>
> Over the years, the populations served by KPEP have changed and now include: felony probationers, state parolees, Drug Treatment Court participants, SAI probationers and parolees, federal inmates, federal probationers, and clients who are currently on federal pre-trial status.

*See* http://kpep.com/about.

Defendants, Elizabeth Carey and Amanda Terburg, served as Plaintiff's outpatient therapists at KPEP. In that role, they completed a report of Plaintiff's progress through the end of

January, 2017. That report, in part, formed the basis for the special condition that limits Plaintiff's contact with his former roommate. Plaintiff is suing Defendants Carey and Terburg for allegedly lying on the report. Plaintiff claims the therapists committed perjury and that they conspired with Plaintiff's probation officer to accomplish that end. Plaintiff contends that the federal crimes of perjury and conspiracy are "the federal claims made" in this action. (Compl., ECF No. 1, PageID.4.) Plaintiff seeks monetary damages, criminal prosecution of Defendants, and reversal of any adverse judgment their report caused at Faber's violation hearing.[1]

This is not Plaintiff's first action raising claims against Defendants Carey and Terburg. In *Faber v. Web et al.*, No. 1:17-cv-433 (W.D. Mich.), Plaintiff sued Carey, Terburg, and their supervisor Ann Web because "the above therapists lied about Mr. Faber on his treatment file, which was later used in a violation [hearing] by Faber's probation officer T. Smith . . . ." (No. 1:17-cv-433, Compl., ECF No. 1, PageID.2.) In Plaintiff's first action, he sought monetary damages, prosecution of Defendants, retraction of all false statements, and investigation of KPEP. That action was dismissed for failure to state a claim on July 7, 2017. (No. 1:17-cv-433, Op. & J., ECF Nos. 12, 13.)

## II. Duplicative actions are frivolous

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977).[2] Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams*

---

[1] The report related only to the special conditions. Plaintiff's admissions of guilt to violating the terms of his supervised release occurred before the report was introduced.
[2] Plaintiff filed this action on August 23, 2017. He was still filing motions in *Faber v. Web et al.* on August 21, 2017.

*v. California Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In addition, courts have held that an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious. *See, e.g. McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed under the in forma pauperis statute as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous under 28 U.S.C. § 1915 when the complaint "merely repeats pending or previously litigated claims"); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (finding that it is "malicious" for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss an *in forma pauperis* civil rights suit by prison inmate where suit was duplicative of facts and allegations made in previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Risley v. Hawk*, 918 F. Supp. 18, 22 (D.D.C. Cir. 1996) (holding that the district court may dismiss an *in forma pauperis* action where the complaint duplicates the allegations of other pending or previously filed litigation, even where the previously

filed actions were filed in different districts); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *3 (E.D. Mich. July 31, 2006).

A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See, e.g., Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Considering the substantial similarities between the parties, legal claims, factual allegations, temporal circumstances and relief sought in the present complaint and the complaint in *Faber v. Web et al.*, the Court concludes that the present complaint is duplicative.

### III. Plaintiff's action is barred by res judicata

The doctrine of res judicata, also called claim preclusion, means that a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Res judicata is an affirmative defense, FED. R. CIV. P. 8(c), and "'[c]ourts generally lack the ability to raise an affirmative defense sua sponte." *Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 327 (6th Cir. 2013) (quoting *Hutcherson v. Lauderdale Cnty.*, 326 F.3d 747, 757 (6th Cir. 2003)). The Court "may take the initiative to assert the res judicata defense sua sponte in 'special circumstances.'" *Id.* (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)). One such special circumstance occurs when "a court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at 412. That special circumstance is present in this case.

*Faber v. Web et al.,* resulted in a final judgment on the merits. "The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Department Stores, Inc*., 452 U.S. at 399 n.3. "[A] federal judgment becomes final for . . . claim preclusion purposes when the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment." *Clay v. United States*, 537 U.S. 522, 527 (2003). Thus the judgment in *Faber v. Web et al.*, is final.

Because the *Faber v. Web et al.,* judgment is final, it operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen,* 449 U.S. at 94; *accord Federated Dept Stores, Inc*., 452 U.S. at 398. All of the elements that raise the bar are present here. Accordingly, Plaintiff's action is barred by res judicata. Thus, it is properly dismissed as legally frivolous. *See, e.g., Taylor v. Reynolds*, 22 F. App'x 537, 538-539 (6th Cir. 2001) ("A complaint may be dismissed as frivolous if the claims lack an arguable or rational basis in law or fact. . . . [A] completely duplicative complaint lacks an arguable basis in law or in fact and . . . [is] properly dismissed on the basis of res judicata."); *Murray v. Reed*, No. 02–2458, 2003 WL

21377472, at *1 (6th Cir. June 12, 2003) (affirming dismissal of claim barred by res judicata as frivolous); *Gwyddioniaid v. O'Neil*, No. 88-6436, 1989 WL 68601 (6th Cir. June 26, 1989) (same).

IV. Failure to state a claim

Even if Plaintiff's claims were not frivolous because they are duplicative and barred by res judicata, they would be properly dismissed for failure to state a claim. There is no private right of action under 18 U.S.C. §§ 1621, 1623, the federal perjury statutes. *Ongori v. Hawkins*, No. 2:16-cv-150, 2016 WL 6518266, at *2 (W.D. Mich. Nov. 3, 2016). Moreover the perjury statutes require some form of sworn statement. There is nothing in Plaintiff's complaint or the Court's criminal docket to suggest that the statement at issue here was sworn. Plaintiff's claim for violation of the federal criminal conspiracy statute, 18 U.S.C. § 241, likewise fails. *See Dekoven v. Avengelical Press*, No. 4:98-cv-43, 1999 WL 34794967, at *3 (W.D. Mich. May 12, 1999) ("It is well settled that section 241 is a criminal statute and cannot support a private cause of action."). Plaintiff alleges no other claims in his complaint.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines Plaintiff's complaint will be dismissed as frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). This is a dismissal as described by 28 U.S.C. § 1915(g). The dismissal renders moot Plaintiff's motion to serve the complaint (ECF No. 4).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

7

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.

Dated: October 24, 2017 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE